IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **KEVIN D. WEST,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 08-cv-3236 |
| **PATRICK R. DONAHUE,** Postmaster General, United States Postal Service, | * | |
| Defendant. | * | |

# MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Kevin West is a litigious postal employee who has filed at least six suits in U.S. District Court, all relating to his troubled career as a mechanic with the U.S. Postal Service. In the instant case, West, an African American and a member of a protected class, alleges violations of Title VII of the Civil Rights Act of 1964 on the grounds of racial discrimination and retaliation by Defendant's agents when he was denied training and upward mobility opportunities. Compl. ¶¶ 1, 3–5, ECF No. 1. Now before the Court are Defendant's Motion for Summary Judgment and Supplement, ECF Nos. 20, 61, and Plaintiff's Motion to Amend Complaint, ECF No. 64.

West claims that Defendant discriminated against him by not selecting him to serve as acting supervisor ("204B details") for the Largo and Riverdale Vehicle Maintenance Facilities ("VMFs") when his supervisor took short-term leaves of absences from June 21 – July 9, 2007 and July 20 – August 6, 2007. Compl. ¶ 9. The position was given to Chris Simmons, an African American, similarly situated to West. *Id.* ¶ 1. On February 27, 2009, Defendant filed a Motion for Summary Judgment. ECF No. 20. After Defendant filed the Motion, however, West

1

sought and was granted a motion to stay as well as numerous extensions in light of a related, ongoing case in the U.S. District Court for the District of Columbia, *West v. Potter*, No. 05-cv-1339-BJR (D.D.C. November 10, 2014).  *See* ECF Nos. 27, 32, 35, 37, 39, 41, 43, 45, 48, 52.  On August 30, 2012, Defendant filed his Supplemental Motion for Summary Judgment[1] asserting that West's Complaint is now barred by *res judicata*.  Supp. ¶¶ 7–12, ECF No. 61.

In support of his Motion for Summary Judgment, Defendant argues that the adjudication of West's D.C. case to completion bars the current action in this Court because the issues have been previously litigated and decided.  *Id.* ¶ 10.  West obtained a favorable jury verdict in D.C. awarding him damages for denial of 204B details, and several favorable judgments by the D.C. judge regarding backpay for the non-assignments during the same time period alleged in this action.  *Id.* ¶¶ 7–8.  West counters that the current case differs from the D.C. case in that he did not receive compensatory damages specifically for Mr. Simmons' selection to 204B details in lieu of himself.  ECF No. 63, ¶ 1.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "A material fact is one 'that might affect the outcome of the suit under the governing law.'"  *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Disputes of material fact are genuine if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  In order to avoid summary judgment, the nonmoving party "'may not rest upon the mere allegations or denials of

---

[1] The Court ordered that Defendant's Motion for Leave to File an Amended or, Alternatively, a Supplemental Motion for Summary Judgment on August 30, 2012, ECF No. 61, and Reply, ECF No. 65, would be treated as Defendant's Supplemental Motion for Summary Judgment.  *See* ECF No. 67, at 4.

2

[his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). While the Court must view the evidence in the light most favorable to the nonmoving party, *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006), it must also "prevent factually unsupported claims and defenses from proceeding to trial," *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (internal quotation marks omitted).

The doctrine of *res judicata* prohibits parties from re-litigating issues that have been resolved by courts of competent jurisdiction. *San Remo Hotel, L.P. v. City & County of S.F.*, 545 U.S. 323, 336 (2005). The doctrine "has found its way into every system of jurisprudence, not only because of its obvious fitness and propriety, but because without it, an end could never be put to litigation." *Hopkins v. Lee*, 19 U.S. 109, 114 (1821). For this reason, *res judicata* is essential to the maintenance of social order. *S. Pac. R.R. Co. v. United States*, 168 U.S. 1, 27 (1897) ("[T]he aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.").

Preclusion from re-litigating issues on the grounds of *res judicata* prohibits parties from re-litigating issues that arise out of the same cause of action. *Puschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004). Cases arise out of the same cause of action when "the suits and the claims asserted therein arise out of the same transaction or series of transaction or the same core of operative facts." *Pushel*, 369 F. 3d at 355 (citing *In re Varat Enters, Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996). Maryland courts have traditionally applied the "same

3

evidence test" to determine if two suits involve the same cause of action. *Snell v. Mayor of Havre de Grace*, 837 F.2d 173, 175 (1988). Under this test, the second suit is barred if the evidence necessary to support a verdict for the plaintiff would have been sufficient to sustain a judgment for the plaintiff in the first suit. *Id.*

The doctrine of *res judicata* also precludes parties from re-litigating issues that could have been raised in a previous action. *See San Remo Hotel*, 545 U.S. 323, 336 n.16 (2005) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Once a court has decided an issue of fact or law necessary to its judgment, the grounds of collateral estoppel preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

The D.C. court's jury verdict and subsequent judgments resolved the issues pending in this Court, namely, whether West was denied 204B details in June, July, and August of 2007 because of discrimination and retaliation. The D.C. jury returned a verdict for West on two counts of retaliation in March 2008. Supp. Ex. 2. As a remedy for the 204B details Defendant denied West due to unlawful retaliation, the D.C. judge, in his 2009 Memorandum and Order, ordered Defendant to place West in the next five 204B detail vacancies for which he was qualified and available. *Id.* at Ex. 1, p. 6. The D.C. judge's August 2010 Report and Recommendation further issued final judgments on the claims brought in this Court by clarifying West's entitlement to backpay "for his non-assignment to 204(B) acting supervisor [vacancies from] September 2003 through December 2007." *Id.* at Ex. 2, p. 9.

The D.C. jury verdict and subsequent 2009 Memorandum and Order and 2010 Report and Recommendation constitute final judgments on the matter and have clearly resolved the issues pending in this Court.  West's contention that the D.C. case did not award damages for the particular act of Mr. Simmons' selection to the 204B details over him has no bearing on this matter.  This case arises out of the same cause of action and has the same core of operative facts as the D.C. case.  Further, the doctrine of *res judicata* prohibits the litigation of issues that could have been raised in a previous action.  *San Remo Hotel*, 545 U.S. at 336.  West could have brought and did bring other claims in his D.C. case.  For instance, the September 2009 Memorandum and Order specifically notes that West tried to bring a continuing violation claim during trial, but that the jury found West was required to prove each discrete incident of his non-assignment to 204B details.  Supp. Ex. 1, at 3 n.4.  West could have also alleged the particular act of Mr. Simmons' selection in his D.C. case, and because he did not do so, he is barred from asserting it now on grounds of *res judicata*.

Accordingly, it is this 2nd day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Defendant's Motion for Summary Judgment and Supplement (ECF Nos. 20, 61) are hereby **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion to Amend Complaint (ECF No. 64) is hereby **DENIED AS MOOT**; and it is further

**ORDERED**, that judgment for costs be **ENTERED** in favor of Defendant; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

5

**ORDERED**, that the Clerk is hereby **DIRECTED** to transmit a copy of this Order to Plaintiff and Counsel of Record.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
